REQUESTED BY: Senator John DeCamp State Capitol Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have asked our opinion as to the constitutional validity of LB 190. We perceive no constitutional problems with it.
LB 190 amends Neb.Rev.Stat. § 74-1320 (Supp. 1980), by striking all of the present provisions of that section, and substituting a new section.
It would provide for a tax on each railroad transporting freight in this state, as its share of constructing, rehabilitating, relocating, and modifying grade separations at grade crossings. The tax would be measured by the number of train miles operated by the railroad in the state, and the number of public grade crossings on the line of the railroad in this state. The tax would be paid into the Grade Crossing Protection Fund, to provide financial assistance to political subdivisions in the construction, etc., of railroad grade separation facilities. Train mile is defined as each mile traveled by a train in this state, regardless of the number of cars in such train.
We wrote an opinion on April 25, 1979 (Number 95), in which we concluded that LB 42, which eventually became § 74-1320
to 74-1322, was constitutional. We relied uponComplete Auto Transit, Inc., v. Brady, 430 U.S. 274,51 L.Ed.2d 326, 97 S.Ct. 1076 (1977), in which the court held that a tax on a facility of interstate commerce would be upheld if the activity taxed had a substantial nexus with the taxing state, and the tax was fairly apportioned, did not discriminate against interstate commerce, and was fairly related to the services provided by the state. We believe LB 190 meets those tests.
The purpose of doing work on `railroad grade separation facilities' is to lessen danger to the public from railroad accidents at grade crossings. The number of grade crossings on a railroad's lines, and the number of train miles a railroad runs in this state certainly are rationally related to the danger of such accidents, and to the need for preventive work. This therefore seems a fair way of apportioning the cost of such work.
As amended under LB 190, § 74-1320(3) would provide that in any year in which, on January 1, there was ten million dollars in the grade crossing protection fund, the tax should not be collected for that year. We can see no problem with such a provision. Certainly the state would not be expected to collect more than was needed for the purpose for which the tax was levied. If the Legislature concludes that ten million dollars is an adequate reserve in the fund, stopping collection of the tax when such sum is reached seems eminently proper.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General